# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ERWIN JONES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-1141-F ) |
| MOORE POLICE DEPARTMENT, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). For the following reasons, it is recommended that the claims against the Moore Police Department and the Cleveland County Detention Center be dismissed sua sponte for failure to state a claim upon which relief may be granted.

**I.    Named Defendants and Claims Presented**

Plaintiff's claims arise out of his arrest followed by his incarceration in the Cleveland County Detention Center. Plaintiff names as defendants the Moore Police Department, a police officer identified only as "Officer Queen Moore PD," the Cleveland County Detention Center (CCDC), and unidentified "medical personnel and Detention Officer."

Plaintiff's claims are based on his contention that he did not receive any medical treatment after his arrest by Defendant Queen. Claim One of Plaintiff's Complaint is lodged against Defendant Queen. Plaintiff supports his claim with the following facts:[1]

> On apoximently 3:30 AM Aug 15, 2017 Officer Queen from Moore PD found The Plantiff David Jones Jr under a tree at Nodingham Apartments with blood gushing out of his wrist and the defendant through him in the cop car and took him to jail with no medical treatment and that is legally not allowed.

Pl.'s Comp. [Doc. No. 1], 3.

Claim two is lodged against CCDC and its "medical & Detention Officers."

> On aproximently between 4:00 AM and 5:00AM Cleveland County Detention Center Officers did not give proper medical treatment to David Jones Jr when he was gushing blood from his wrist from a suicide attempt on Aug. 15, 2017 and that is against the Sixth amendment for adaqute medical care.

*Id.* at 4

## II. Standard for Dismissal

Pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), dismissal of a complaint is proper where the action fails to state a claim upon which relief may be granted or seeks monetary relief from one who is immune from such relief.

The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009)

---

[1] All quotations are verbatim.

(quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Applying this standard, Plaintiff's action fails to state plausible claims for relief against Defendants Moore Police Department and CCDC.

### III. Analysis

Plaintiff has named Moore Police Department and CCDC as defendants. The claims against these defendants should be dismissed sua sponte upon initial review. Each of these defendants lacks an identity separate and apart from the county it serves and therefore neither is a suable entity in a § 1983 action. *See*, *e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). Therefore, Plaintiff's claims against the Moore Police Department and the Cleveland County Detention Center should be dismissed upon initial review.

### RECOMMENDATION

It is recommended that the claims against the Moore Police Department and the Cleveland County Detention Center be dismissed upon initial review for failure to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 21, 2017.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all issues referred by the District Judge in this matter.

ENTERED this 20th day of November, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE