# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DAVID ERWIN JONES, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-17-1141-F |
| MOORE POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

## ORDER

On October 1, 2018, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation, wherein he recommended that Defendant Officer Jarrod Queen's Motion for Summary Judgment be granted. Doc. no. 27. Magistrate Judge Jones advised the parties of their right to object to the Report and Recommendation by October 22, 2018 and specifically advised that failure to make timely objection waives the right to appellate review of the factual and legal issues therein addressed.

To date, no party has filed an objection to the Report and Recommendation or sought any extension of time to file an objection. With no objection filed, the court accepts, adopts and affirms the Report and Recommendation.

In his complaint, plaintiff named as defendants Moore Police Department and Cleveland County Detention Center ("CCDC"). The court previously dismissed plaintiff's claims against these defendants with prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See*, doc. no. 11.

The complaint also named as defendants CCDC Medical Personnel and CCDC Detention Officer. Magistrate Judge Jones previously ordered plaintiff to complete the necessary service papers for these defendants, and in so doing, "to provide a more specific description of CCDC 'medical personnel' and CCDC 'detention officer.'" *See*, doc. no. 12. Magistrate Judge Jones advised plaintiff that each defendant had to be served within 90 days of his order, dated January 9, 2018, and that service would be accomplished by a United States marshal or deputy marshal, subject to plaintiff completing the requirements set forth by Magistrate Judge Jones. The record reflects that plaintiff did not provide an adequate description of the CCDC medical personnel and the CCDC detention officer as ordered by Magistrate Judge Jones and service of process has never been properly obtained for these defendants. The 90-day period for service of process authorized by Magistrate Judge Jones has clearly passed. Plaintiff shall therefore be ordered to show good cause in writing by November 15, 2018 for his failure to obtain service of process upon defendants, CCDC Medical Personnel and CCDC Detention Officer, within the 90-day period. *See*, Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If plaintiff fails to show good cause, the court will consider whether a permissive extension of time to effect service of process upon these defendants is warranted. *Id*. At that point, the court may, in its discretion, either dismiss plaintiff's action against the defendants without prejudice or extend the time for service.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones (doc. no. 27) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Defendant Officer Jarrod Queen's Motion for Summary Judgment (doc. no. 27) is **GRANTED**.

Plaintiff is **ORDERED** to show good cause in writing by November 15, 2018 for his failure to obtain service of process upon defendants, Cleveland County Detention Center Medical Personnel and Cleveland County Detention Center

Detention Officer within 90 days from Magistrate Judge Bernard M. Jones' January 9, 2018 order.  If plaintiff fails to show good cause, the court will consider whether a permissive extension of time to effect service is warranted.  At that point, the court may, in its discretion, either dismiss the action against the defendants without prejudice or extend the time for service.

IT IS SO ORDERED this 6th day of Noveber, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1141p003.docx